**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000434
17-MAR-2026
08:08 AM
Dkt. 102 SO**

NO. CAAP-23-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES YEE MARN, JR., as a limited partner of
McCully Associates, a Hawaii registered limited
partnership, for and on behalf of McCully Associates
and its limited partners; and JAMES K.M. DUNN, as
Successor Trustee of the Annabelle Y. Dunn Revocable
Trust Plaintiffs/Counterclaim Defendants-Appellees,
v.
MCCULLY ASSOCIATES, a Hawaii registered limited
partnership; ALA WAI INVESTMENT, INC., a Hawaii corporation, as
general partner of MCCULLY ASSOCIATES; ALEXANDER Y. MARN,
individually and as officer and agent for ALA WAI INVESTMENT,
INC.; ERIC Y. MARN, individually and as officer and agent for
ALA WAI INVESTMENT, INC.; ERNESTINE L. MARN,
Defendants/Counterclaimants-Appellees,
and
THOMAS T. UENO, Intervenor-Appellant,
and
SAKAI IWANAGA SUTTON LAW GROUP, Attorneys at Law, a
limited liability law company, Intervenor-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; and DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC980005371)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Intervenor-Appellant Thomas T. Ueno (**Ueno**) appeals from the April 5, 2023 Final Judgment, and challenges the September 9, 2020 "Findings of Fact, Conclusions of Law and Order Regarding Lien Claims" (**September 9, 2020 Order**), October 23, 2020 "Order Denying [Ueno's] Motion for Reconsideration of the [September 9, 2020 Order], or in the Alternative, for Leave to Initiate Interlocutory Appeal, Filed September 21, 2020" (**October 23, 2020 Order**), and November 17, 2020 "Order Regarding Priority and Timing of Payment of Liens" (**November 17, 2020 Order**), entered by the Circuit Court of the First Circuit (**circuit court**).[1]

In the underlying proceeding, Ueno intervened as a purported secured creditor, and asserted a lien against any distributions by the court-appointed liquidating receiver that would otherwise go to self-represented Defendant/ Counterclaimant-Appellee Eric Y. Marn (**Eric**).  In the present appeal, Ueno challenges the circuit court's ruling that grants Intervenor-Appellee Sakai Iwanaga Sutton Law Group, Attorneys at Law, LLLC (**Sakai Iwanaga**) an attorney's lien on any future award in favor of either Eric or self-represented Defendant/ Counterclaimant-Appellee Alexander Y. Marn **(Alexander)**.

---

[1] The Honorable James H. Ashford presided.

Ueno asserts three points of error on appeal, contending that the circuit court erred: (1) in its conclusions of law (**COLs**) 1, 2, 3, 4, 13, and 14; (2) "in denying Ueno's motion for reconsideration of the [September 9, 2020 Order]"; and (3) "in establishing the timing and payment of the [Sakai Iwanaga] lien."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ueno's points of error as follows:

(1) At the outset, we conclude that Ueno's challenge to COLs 4 and 13 is waived because the opening brief does not provide any argument to contest COLs 4 and 13. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

The remaining COLs that Ueno challenges on appeal are as follows:

> 1. Hawaii's attorney lien statute (the "**Lien Statute**") is set forth in [Hawaii Revised Statutes (**HRS**)] § 507-81[ (2018)]. It provides that an attorney "has" a lien upon actions, judgments, decrees, orders, settlements, awards, etc. in favor of the attorney's client. HRS § 507-81(a) [(2018)].
>
> 2. Nothing in the Lien Statute limits an attorney's lien to benefit only those attorneys who represent plaintiffs, or to benefit only attorneys who represent parties asserting an affirmative claim. Stated differently, the Lien Statute benefits not only plaintiff's counsel, but also defense counsel.

3.    Nothing in the Lien Statute limits an attorney's lien to benefit only an attorney whose client prevailed in the action or prevailed on any particular claim, defense, or issue in the action.  Stated differently, an attorney's lien attaches to all judgments, decrees, orders, settlements and other items specified in the Lien Statute that are made in favor of the attorney's client, regardless of whether that client prevailed.

.    .    .    .

[Sakai Iwanaga's] Claim

14.    [Sakai Iwanaga] has an attorney's lien upon any future Court Award issued in this lawsuit in favor of either or both of [Eric] and [Alexander].  The lien is in the amount of $882,131.25 as of September 2, 2019, plus daily interest accruing thereafter at the rate of $96.28 per day.

Ueno does not dispute the circuit court's conclusion that "Ueno has no lien on any future Court Award that might be issued in favor of [Alexander] or [Eric] in this lawsuit." Instead, he challenges only the circuit court's determination that a separate party, Sakai Iwanaga, had a valid attorney's lien pursuant to HRS § 507-81.  Under these circumstances, we conclude that Ueno lacks standing to challenge the ruling as to Sakai Iwanaga's lien.  See Honolulu Constr. & Draying Co. v. Terrace Devs., Ltd., 48 Haw. 68, 74, 395 P.2d 691, 696 (1964) ("[T]he mere circumstance that intervention was allowed without objection is not decisive of the question whether [a party] presently has a justiciable interest as a party aggrieved." (citations omitted)); Waikiki Disc. Bazaar, Inc. v. City & Cnty. of Honolulu, 5 Haw. App. 635, 640, 706 P.2d 1315, 1319 (App. 1985) ("The question of whether the plaintiff has standing to

4

bring the action or to appeal its dismissal may be raised *sua sponte* by the court having jurisdiction over the case." (citations omitted)).

Moreover, this court could not provide an effective remedy with regard to this point of error that Ueno raises. Ueno has no lien and is therefore challenging the distribution of funds that he is not entitled to. See Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawai'i 1, 9, 556 P.3d 347, 355 (2024) ("The mootness doctrine is properly invoked where events have so affected the relations between the parties that the two conditions for justiciability relevant on appeal – adverse interest and effective remedy — have been compromised." (citation omitted)).

(2 & 3) It appears that point of error (2) challenges the October 23, 2020 Order, and point of error (3) challenges the November 17, 2020 Order. We conclude that points of error (2) and (3) are waived because Ueno's opening brief does not present any argument in support of any alleged errors with regard to either the October 23, 2020 Order or the November 17, 2020 Order. See HRAP Rule 28(b)(7).

In light of the above, we decline to address Ueno's arguments as to HRS § 507-81.

For the foregoing reasons, the September 9, 2020 Order, October 23, 2020 Order, November 17, 2020 Order, and April 5, 2023 Final Judgment are affirmed.

DATED: Honolulu, Hawai'i, March 17, 2026.

On the briefs:

Carl H. Osaki,
for Intervenor-Appellant.

Michiro Iwanaga,
for Intervenor-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge